IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PITT HELICOPTERS, INC.,

Plaintiff,

v.

AIG AVIATION, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA;

Defendants.

2:06-cv-2542-GEB-EFB

ORDER[*]

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[1] For the following reasons, Defendants' motion is granted in part and denied in part.

///

///

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendants' objection to portions of the Declaration of Mark Norcross, submitted in support of Plaintiff's opposition, need not be decided since Mr. Norcross's declaration is not relied upon herein. (See Objections to Decl. of Mark Norcross at 1.)

BACKGROUND

Plaintiff entered into a written lease agreement under which the lessee, Mountain EMS, was required to maintain $625,000 in aircraft hull coverage on Plaintiff's helicopter until the lease expired and the helicopter was returned to Plaintiff. (Notice of Removal, Ex. A, Complaint ("Compl.") ¶ 7.) Mountain EMS purchased an insurance policy from Defendants in which Plaintiff was an additional insured as owner of the helicopter. (Id. ¶ 9.) The lease prohibited Mountain EMS from making a change to the $625,000 coverage without Plaintiff's prior written consent. (Id. ¶ 8.) "The . . . lease [was] in full force and effect on or about March 21, 2002, when the helicopter was destroyed in a crash in Lassen County, California." (Id. ¶ 10.) Subsequently, Plaintiff and other insured parties made demand for payment. In response to the claims, Defendants filed a complaint in interpleader in the Lassen County Superior Court to determine "who was owed how much under [the] policy." (Id. ¶ 11.) Plaintiff then filed a complaint in the same court for breach of contract and the implied covenant of good faith and fair dealing. (Notice of Removal ¶ 1, Compl. at 1:12-16.) Defendants removed the action and subsequently filed this dismissal action.

Plaintiff alleges that Defendants breached the lease and that this is evinced by the total sum interpled, $450,000, which the interpleader asserts results from "a reduction of the policy limit from $625,000 to $500,000, subject to a $50,000 'in-flight' deductible." (Id. ¶¶ 11, 12.) Plaintiff "contends that [Defendants] never [gave it] notice of any . . . reduction of policy limits . . ., and that therefore the policy limits remained at $625,000, at least as to [Plaintiff], as of the date of the loss." (Id. ¶ 13.) Further,

Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing "by withholding benefits due under the policy unreasonably and without proper cause." (Id. ¶ 17.) Plaintiff alleges that because of this breach it is entitled to compensatory damages in the amount of $175,000 for unpaid policy benefits and to an award of punitive damages. (Id. at 4:9-11, 13.) Defendants seek dismissal of these claims. (Motion to Dismiss ("Mot.") at 1:24:25.)

DISCUSSION

Dismissal is appropriate under Rule 12(b)(6) if Plaintiff failed to (1) present a cognizable legal theory, or (2) plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). A motion to dismiss must be denied "unless it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

I. Breach of Contract

Defendants argue Plaintiff's breach of contract claim should be dismissed because Plaintiff failed "to attach the contract [to the Complaint] or to sufficiently allege its terms [and this failure] renders its first cause of action for breach of contract defective."

(Mot. at 3:14-15.) Plaintiff replies that "the only material term of the policy at issue . . . is the policy limit . . ." and the Complaint contains sufficient allegations regarding the lease and the breach. (Opp'n at 5:15-16.)

> [P]leading is governed by Rule 8 of the Federal Rules of Civil Procedure, **not** by State procedural requirements. Under Federal Rules of Civil Procedure 8(a), a "short and plain statement of the claim" suffices. The forms appended to the Federal Rules of Civil Procedure note that "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit or plead it according to its legal effect."

Securimetrics, Inc. v. Hartford Cas. Ins. Co., 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005) (internal citations omitted). Further, "[f]ederal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint." Id. Plaintiff has sufficiently pled its breach of contract claim.

II. Breach of Implied Covenant of Good Faith and Fair Dealing

A. Statute of Limitations

Defendants argue that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing ("bad faith claim") is "subject to [California's] two-year statute applicable to tort actions generally" and thus is barred because Plaintiff failed to commence the action within this period. (Mot. at 4:6-8.) Plaintiff takes the position in its opposition brief that it has elected to bring this claim in contract; therefore, this claim is not barred by California's two year statute of limitations. (Opp'n at 6:2-5 ("[P]laintiff may elect to sue in contract, thus entitling it to the four year statute of limitations of [California Code of Civil Procedure §] 337(1).

Hence, this action, filed within four years of the filing of the Complaint in Interpleader, is indeed timely.”).)

B. Punitive Damages

Defendants also contend that Plaintiff’s claim for punitive damages is improperly pled. (Mot. at 5:23.) Since Plaintiff’s bad faith claim is only brought in contract, Plaintiff is not entitled to the punitive damages alleged in its Complaint. See Cal. Civ. Code § 3294(a) (punitive damages are not recoverable in contract actions). Therefore, Plaintiff’s punitive damages claim is dismissed.

C. Bad Faith

Defendants seek dismissal of Plaintiff’s bad faith claim arguing that “[w]here there is a genuine issue as to the insurer’s liability under the policy, bad faith liability cannot be imposed” and “some additional showing of tortious conduct by the insurer is required.” (Mot. at 3:16, 5:1, 4-5, 13-14.) Plaintiff counters that “[w]hile [D]efendants are correct that a mere refusal to honor a contract claim is insufficient in and of itself to constitute ‘bad faith,’ an *unreasonable* refusal to pay a just claim is bad faith” and that the complaint in interpleader was filed “without conducting any investigation at all.” (Opp’n at 6:7-8, 21-22.)

“[A]n insurer's responsibility to act fairly and in good faith in handling an insured's claim ‘is not the requirement mandated by the terms of the policy itself-to defend, settle, or pay. It is the obligation . . . under which the insurer must act fairly and in good faith in discharging its contractual responsibilities.’” Cal. Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 54 (1985) (quoting Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573-74 (1973)). An insurer acts with bad faith, thereby violating the implied covenant

of good faith and fair dealing, when it refuses to bestow policy benefits on an insured without proper cause. Id. (citing Gruenberg, 9 Cal.3d at 574). An insurer's failure to investigate claims is evidence of bad faith. Gruenberg, 9 Cal.3d at 576; see also Progressive West Ins. Co v. Yolo County Superior Court, 135 Cal. App. 4th 263, 277 (2005) ("an insurer must investigate claims thoroughly; it may not deny coverage based on either unduly restrictive policy interpretations or standards known to be improper; it may not unreasonably delay in processing or paying claims.") (internal citations omitted).

Plaintiff alleges in its Complaint that "Defendant[s] [] breached the implied covenant of good faith and fair dealing by withholding benefits due under the policy unreasonably and without proper cause." (Compl. ¶ 17.) Plaintiff also alleges that Defendants "ha[ve] denied the balance of [P]laintiff's claim without properly investigating the claim and without a reasonable basis for such conduct." (Id.) "An insurance company may not ignore evidence which supports coverage. If it does so, it acts unreasonably towards its insured and breaches the covenant of good faith and fair dealing." Mariscal v. Old Republic Life Ins. Co., 42 Cal. App. 4th 1617, 1624 (1996).

Defendants rejoin that "[a]s a matter of law, an insurer filing an interpleader does not support a subsequent claim for 'bad faith.'" (Reply at 20-21.) However, Defendants have not shown how their interpleader action negates Plaintiff's bad faith claim here where Plaintiff alleges that the amount interpled is insufficient to satisfy its claims. Accordingly, Plaintiff's allegations sufficiently

state a claim for breach of the implied covenant of good faith and fair dealing.

CONCLUSION

For the stated reasons, Defendants' motion is denied in part and granted in part.

Dated: March 6, 2007

GARLAND E. BURRELL, JR.
United States District Judge